IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HORACE WILLIAMS MORTUARY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL CASE NO. 1:21-cv-540-ECM |
| ) | (WO) |
| ALLSTATE INDEMNITY COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Defendant's Motion in Limine. (Doc. 34). While the motion requests exclusion at trial of eleven items, the Plaintiff only objects to item number ten. (Doc. 37). In request number ten, the Defendant asks the Court to exclude "[a]ny testimony that attempts to present precluded expert testimony or exhibits created by precluded experts." (Doc. 34 at 3). According to the Defendant, the Court should preclude the testimony of one engineer and three commercial construction contractors listed as Plaintiff's witnesses. These witnesses created reports and estimates—listed as Plaintiff's exhibits for trial—as to the cost of the repairs at issue in this case. The Defendant maintains that these witnesses and exhibits fall under the Court's previous Order (doc. 17) precluding the Plaintiff's use of experts and expert testimony because the Plaintiff failed to timely disclose potential experts during discovery. (*Id.*).

The Plaintiff maintains that the witnesses at issue will not testify as experts, but rather as lay witnesses testifying to their firsthand knowledge "of the examination of the building damage and the obvious repairs." (Doc. 37 at 1). Federal Rule of Evidence 701 permits

opinion testimony by lay witnesses if the opinion is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Rule 702 governs testimony offered by expert witnesses. The distinction between lay and expert witnesses is that "lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field." *United States v. Holland*, 722 F. App'x 919, 928 (11th Cir. 2018) (quoting FED. R. EVID. 701 Advisory Committee's Note-2000 Amendment). The Plaintiff contends that both the witnesses and their respective reports or estimates should be permitted at trial because the witnesses will offer lay testimony "about any materials he or she examined based upon the firsthand knowledge he or she gained as a result of that examination." (Doc. 37 at 2).

Generally, when faced with precluded expert testimony, courts permit construction contractors or engineers to provide lay testimony as to their firsthand observations of the property, but not to offer their opinion as to what the cost of repairing it would be. For example, in *Frankenmuth Mut. Ins. Co. v. Five Points W. Shopping City, LLC*, 2022 WL 949888 (N.D. Ala. Mar. 29, 2022), a plaintiff sought to introduce testimony of an estimate prepared by a construction company of the expected cost of repairing a damaged building. Like the Plaintiff in this case, the plaintiff in *Frankenmuth* "failed to disclose an expert witness to testify to the costs for repairing the [building]." *Id.* at *15. The Court first noted that "it is well-settled that expert evidence is generally necessary to establish the cause and scope of damage." *Id.* at *17 (quoting *Porben v. Atain Specialty Ins. Co.*, 546 F. Supp. 3d

2

1325, 1330 (S.D. Fla. 2021)); *see also State Farm Fire and Cas. Co. v. Williams*, 926 So. 2d 1008, 1017 (Ala. 2005) (finding that insured failed to prove breach of contract claim when only evidence of repair costs was insured's testimony based on estimate).

The *Frankenmuth* court then joined the many courts that "routinely find that repair estimates constitute expert testimony because producing the estimate requires the witness to 'forecast the amount, type, and costs of materials needed, as well as the amount of labor required to complete the long list of repairs.'" *Id.* (quoting *Pendarvis v. Am. Bankers Ins. Co. of Fla.*, 354 F. App'x 866, 869 (5th Cir. 2009) (interpreting FED. R. EVID. 702 concerning expert testimony)); *see also Ivy Marine Consulting, LLC v. Monarch Energy Partners, Inc.*, 2019 WL 1173356, at *2 n.4 (S.D. Ala. Mar. 13, 2019) (collecting similar cases). Because the plaintiff failed to disclose the repair estimate as an expert report in discovery, the court concluded it should be precluded. *Id.*

Likewise, this Court concludes that the estimates and engineering reports prepared by the Plaintiff's contractor and engineer witnesses constitute expert evidence. While some courts have permitted lay testimony as to itemized repairs already completed on a damaged piece of property, *see, e.g.*, *Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co.*, 320 F.3d 1213, 1223 (11th Cir. 2003) (permitting lay witness testimony, based on firsthand experience in the field, as to the reasonableness of repair work already completed), the court is unaware of any case permitting estimates of prospective repairs to be offered as lay testimony and exhibits. Here, the Plaintiff hired construction contractors and an engineer to observe the damage to its property and then use their "scientific, technical, or other specialized knowledge" to formulate the expected costs to repair the property's damage. FED. R. EVID.

701(c). Thus, their opinion as to the estimated cost to repair the Plaintiff's property, memorialized in a formal estimate or report, falls "within the scope of Rule 702" and is not permitted by Rule 701. *See Wood v. Hartford Ins. Co. of the Mw.*, 2021 WL 6882444, at *2 (N.D. Fla. Oct. 22, 2021) (excluding undisclosed expert testimony to a contractor's estimate, "which contains detailed itemization of materials, labor, complexity, and costs"); *Armstead v. Allstate Prop. & Cas. Ins. Co.*, 2016 WL 928722, at *2 (N.D. Ga. Mar. 11, 2016) (finding contractors' "testimony on the scope of the repairs needed, their cost, the claims adjusting process, and the other opinions Plaintiff seeks them to present, are not lay opinions because they, by their nature, require experience and professional knowledge"); *Bray v. Gillespie IX, LLC v. Hartford Fire Ins. Co.*, 2009 WL 1953649, at *4 (M.D. Fla. July 6, 2009) ("There is a marked difference between traditional lay opinion testimony, which relates to personally observed existing matters . . . and the type of testimony offered here—a true opinion regarding a matter that has yet to occur, based on the specialized knowledge of professionals in the construction business" (alteration adopted) (quotation omitted)).

The Defendant has adopted and incorporated into its motion in limine (doc. 34) its reply to the Plaintiff's response to the Defendant's objections to the Plaintiff's witness and exhibit lists. (Doc. 33). In that reply, the Defendant objects to presenting the contractors and engineer as witnesses, and to the estimates and report prepared by these witnesses. (*Id.* at 2–3). For the reasons stated above, the Court sustains the objection to the estimates and report prepared by the contractors and engineer offered as exhibits because they constitute expert evidence that the Court previously precluded. (*See* Doc. 17). However, the Court overrules the Defendant's objection to the contractors and engineer being offered as witnesses because

they may still present lay testimonies of their firsthand observations of the Plaintiff's property, so long as their testimonies do not venture into the type of expert opinion testimony covered by Rule 702. *See Bray*, 2009 WL 1953649, at *4 (finding the estimates and reports were inadmissible expert testimony but permitting the contractors to "testify to relevant matters, as fact witnesses, as to what they observed on their inspections. Any opinions as to the cost to repair are within the purview of expert testimony, and Plaintiff's failure to designate and tender the witnesses as experts forecloses their use as such at trial").

Accordingly, it is

ORDERED to the Defendant's motion in limine (doc. 34) is GRANTED to the extent that the Defendant's objection to Plaintiff's exhibits 1, 2, 3, and 4 (repair estimates and report) is SUSTAINED. It is further

ORDERED that the motion (doc. 34) is DENIED without prejudice with leave to raise the issue at trial, to the extent that the Plaintiff's proposed witnesses offer relevant lay opinion testimony and may thus be admissible at trial. It is further

ORDERED that the motion (doc. 34) is GRANTED in all other respects.

DONE this 21st day of December, 2022.

          /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE